IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA D. HOGAN ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00944 |
| ) | |
| ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, "Petition"), wherein Petitioner seeks vacatur of each of his two counts of conviction, and of his 103-month sentence, in his underlying criminal case (no. 3:18-cr-147-1). For the reasons discussed in the accompanying memorandum opinion, the Petition (Doc. No. 1) is **DENIED**, and the Motion to Appoint Counsel (Doc. No. 3) is **DENIED.**

Rule 11(a) of the Rules Governing § 2255 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Should Petitioner give timely notice of an appeal from this Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c). A district court may make a decision as to a certificate of appealability at the time it denies a § 2255 petition, even though the petitioner has yet to make an effective request for such a certificate by filing a notice of appeal (or otherwise). *See Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002).

"To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of

the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Or to put it only slightly differently, "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, a certificate of appealability will not issue from this Court, because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. As noted in the above-referenced Rule 11(a), however, Petitioner is free to separately request a certificate of appealability from the United States Court of Appeals for the Sixth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

This Order shall constitute the final order in this case for purposes of the above-referenced Rule 11(a) and also the judgment in this case for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE